1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

DURRELL ANTHONY PUCKETT,          1:10-cv-02145-GBC (PC)

        Plaintiff,                ORDER DENYING MOTION FOR
                                    APPOINTMENT OF COUNSEL OR STAY
    v.                           OF PROCEEDINGS

D. BAILEY, et al.,

        Defendants.           (ECF No. 10)

_____/

18
19
20
21
22
23
24
25
26
27
28

## ORDER

On May 12, 2011, Plaintiff filed a motion seeking the appointment of counsel or

stay of proceedings.  (ECF No. 10.)  In support of his requests, Plaintiff states that, after

this motion, he will no longer have legal help, that he is in secured housing with limited

access to case law and books, that he has documented mental health issues, and that

he lacks legal knowledge on how to proceed, among other things.

Plaintiff does not have a constitutional right to appointed counsel in this action,

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an

attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United

States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct.

1814, 1816 (1989).  However, in certain exceptional circumstances the court may

-1-

request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  The Court also notes that at this time the only deadline pending is a thirty day deadline for Plaintiff to complete and return the service documents attached to the May 5, 2011 Screening Order.  (ECF No. 9.)  Defendants have not yet been served and no other deadlines are pending.  Thus, Plaintiff's request for a stay is also not necessary.

For the foregoing reasons, Plaintiff's Motion for the Appointment of Counsel or a Stay of Proceedings is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:     May 20, 2011

UNITED STATES MAGISTRATE JUDGE