# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>        Plaintiff,<br><br>v.<br><br>D. BAILEY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-02145-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 22) |

**FINDINGS AND RECOMMENDATION**

**I.     PROCEDURAL HISTORY**

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's First Amended Complaint filed April 28, 2011.  (ECF No. 8.)

Pending before the Court is Plaintiff's motion for injunctive relief filed September 7, 2011.  (ECF No. 22.)

**II.     LEGAL STANDARDS**

A temporary restraining order (TRO) may be granted without written or oral notice

to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction.  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid.  Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

2

### III. **ANALYSIS**

In the Motion, Plaintiff states that he has been harassed the entire month of August because he filed this action, that he prepared motions for summary judgment and discovery but they were trashed, and that his cell has been searched every time he leaves it.

In the instant motion, Plaintiff fails to meet all of the legal standards required to be granted a restraining order. To succeed on a motion for such relief, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Plaintiff fails to address any of the four elements necessary to be granted relief. He also fails to attribute responsibility of the allegations to any named Defendants. In fact, Plaintiff does not name any individual in his Motion. Orders for preliminary injunctive relief can only bind the parties, the parties officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the aforementioned persons. Fed. R. Civ. P. 65(d)(2).

The Court also notes that this appears to be related to a retaliation claim. Plaintiff's First Amended Complaint is only proceeding on an Eighth Amendment claim. This does not appear to have any relation to the proceeding claim. Thus, the Court lacks jurisdiction to address it.

Based on the foregoing, the Court finds that Plaintiff's motion for a temporary restraining order should be denied.

//

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order be DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   September 19, 2011

UNITED STATES MAGISTRATE JUDGE