# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>D. BAILEY, et al.,<br><br>    Defendants.<br>_____/ | 1:10-cv-02145-LJO-GBC (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 28, 34<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CORRESPOND WITH INMATE WITNESSES, WITHOUT PREJUDICE<br><br>Doc. 37 |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On September 7, 2011, the Court issued a scheduling order, establishing a discovery deadline of May 7, 2012 and a dispositive motion deadline of July 16, 2012. Doc. 21. On November 3, 2011, Plaintiff filed a motion for summary judgment. Doc. 28. On December 1, 2011, the Court granted Defendants' motion for extension of time to respond to Plaintiff's motion for summary judgment, establishing a deadline of March 23, 2012. Doc. 32. On February 22, 2012, Plaintiff moved to withdraw his motion for summary judgment. Doc. 34. On March 6, 2012, Plaintiff filed a motion for authorization to correspond with inmate witnesses. Doc. 37. Defendants did not submit a response. This matter is deem submitted pursuant to Local Rule 230(l).

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139. Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that

1  Plaintiff be allowed to correspond with his witnesses. *E.g., City of Los Angeles v. Lyons*, 461 U.S.
2  95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State,*
3  *Inc.*, 454 U.S. 464, 471 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006).

4  Plaintiff is required to make a showing with respect to each inmate witness that the
5  witnesses possess relevant knowledge. Relevant evidence means evidence having any tendency to
6  make the existence of any fact that is of consequence to the determination of the action more
7  probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Personal
8  knowledge means knowledge of a fact perceived by the senses, by one who has had an opportunity
9  to observe, and must have actually observed the fact. Fed. R. Evid. 602. Personal knowledge is not
10 an absolute but may consist of what the witness thinks he knows from personal perception. *Id.*

11 Plaintiff's motion for court assistance must be denied because he has not provided evidence
12 that he completed the process to obtain written authorization from the appropriate prison officials.
13 Cal. Code Regs., tit. 15 § 3139. The Court does not have jurisdiction in this action over anyone
14 other than Plaintiff and Defendants, and the Court can only make a *request* to prison officials and
15 cannot order them to allow Plaintiff to correspond with his witnesses. *E.g., City of Los Angeles*,
16 461 U.S. at 102; *Valley Forge Christian Coll.*, 454 U.S. at 471; *Jones*, 444 F.3d at 1126. Such a
17 request shall not be made by the Court without assurances that Plaintiff has followed procedures
18 and used the available resources at the prison to obtain written authorization after consideration by
19 prison officials of safety, security, and procedural priorities. The Court recognizes that prison
20 administrators "should be accorded wide-ranging deference in the adoption and execution of
21 policies and practices that in their judgment are needed to preserve internal order and discipline and
22 to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ( quoting *Bell*
23 *v. Wolfish*, 441 U.S. 520, 547 (1970).

24 Even if Plaintiff had completed the process available at the prison to request authorization,
25 Plaintiff has not made a showing that all of the prospective witnesses possess relevant knowledge.
26 Plaintiff claims that the inmates witnessed Defendants harass him and admit to the March 18, 2010
27 claim. Subsequent harassment is not relevant to the cognizable claim in this case i.e., excessive
28 force on March 18, 2010. Evidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Plaintiff's claim that inmate witnesses heard Defendants admit the allegations may be relevant, but Plaintiff needs to be more specific in his showing of relevance. Moreover, Plaintiff must first provide evidence that he completed the process to obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to withdraw motion for summary is GRANTED;
2. The Court finds Plaintiff's motion for summary judgment WITHDRAWN; and
3. Plaintiff's motion to correspond with inmate witnesses is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   April 10, 2012

UNITED STATES MAGISTRATE JUDGE