# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. BAILEY, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-02145-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENY DEFENDANTS' MOTION FOR SANCTIONS, GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND TO DISMISS ACTION, WITH PREJUDICE<br><br>Docs. 43, 44<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations**

**I. Procedural Background and *Woods v. Carey***

On November 17, 2010, Durrell Anthony Puckett ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On May 5, 2011, the Court ordered this action to proceed on a cognizable Eighth Amendment excessive force claim against Defendants Bailey, Cotton, Luther, Gregory and Maloney, and dismissed the remaining claims and defendants. Doc. 9.

On May 19, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file a motion for summary judgment and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Doc. 13.

On November 3, 2011, Plaintiff filed a motion for summary judgment. Doc. 28. On December 1, 2011, the Court granted Defendants' motion for extension of time to respond to

Plaintiff's motion for summary judgment, establishing a deadline of March 23, 2012. Doc. 32. On February 22, 2012, Plaintiff moved to withdraw his motion for summary judgment. Doc. 34.

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion for summary judgment should be issued contemporaneously when a defendant files a motion for summary judgment, as opposed to a year or more in advance. *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). On July 20, 2012, Plaintiff filed a renewed motion for summary judgment. Doc. 43. On August 10, 2012, Defendants filed an opposition to Plaintiff's renewed motion for summary judgment, a motion for sanctions, a cross-motion for summary judgment, and a notice pursuant to *Rand* and *Woods*. Docs. 44, 45. On August 21 and 22, 2012, Plaintiff filed an opposition and supplement to opposition to Defendants' cross-motion for summary judgment and sanctions. Docs. 47, 48.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

### III. Plaintiff's Opposition to Defendants' Cross-Motion for Summary Judgment

In Plaintiff's opposition and supplement to opposition to Defendants' cross-motion for summary judgment, Plaintiff simply states that he disputes all of the facts and he should be able to sue Defendants even though he was found guilty of the RVR. *See* Docs. 47, 48. He does not attach any exhibits or affidavits but simply relies on the record. *See id.* In response to a motion for summary judgment, a plaintiff cannot simply restate his allegations from the complaint. *See Beard v. Banks*, 548 U.S. 521, 534 (2006) (citing Fed. R. Civ. P. 56(e)). Rule 56(e)(2) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e). If the moving party's statement of facts are not controverted in this manner, a court may assume that the facts as claimed by the moving party are admitted to exist without controversy. *See Beard*, 548 U.S. at 527. The Court "is not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988)). Instead, the "party opposing summary judgment must direct the Court's attention to specific triable facts." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). Therefore, the Court will consider Defendants' declarations as statements of fact as undisputed and uncontroverted in the record. Fed. R. Civ. P. 56(e).

//

**IV. Undisputed Facts in the Record**

At all time relevant to this suit, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") as a prisoner at California State Prison-Corcoran ("CSP-Corcoran").[1] (Defs. Mot. Summ. J. Addl. Undisputed Facts ("DAF") 1, Doc. 44-4.) Defendants Bailey, Cotton, Luther, Gregory and Maloney were employed by CDCR as Correctional Officers at CSP-Corcoran. (DAF 2.)

On March 18, 2010, Maloney and Bailey escorted Plaintiff from the 4A4L rotunda holding cell to cell 4A4L-28L. (DAF 3.) During the escort, Plaintiff was agitated and verbally abusive. (DAF 4.) As Plaintiff was about to enter cell 28, he sidestepped to his left and mule-kicked Bailey several times in the legs. (DAF 5.) Bailey used his left hand to attempt to guide Plaintiff into the cell and retreat from the assault. At which time, Plaintiff turned his head and bit Bailey's left hand in the webbing between his thumb and first finger. (DAF 6.) Plaintiff rushed into cell 28, while continuing to bite Bailey's hand. (DAF 7.) Bailey followed Plaintiff into the cell because Bailey feared that Plaintiff's bite would cause a significant wound from his hand if he pulled away. (DAF 7.) After Plaintiff reached the back of the cell, he turned and faced Bailey. Plaintiff continued to kick Bailey in the legs. (DAF 8.) When Plaintiff released his bite, Bailey drew his baton and struck Plaintiff in the lower body several times in order to defend himself. (DAF 9.) Bailey's sole motivation for striking Plaintiff with a baton was to stop him from assaulting Bailey and provide himself with the time and distance necessary to exit the cell without being assaulted again. Bailey was not attempting to injure Plaintiff and Bailey used only the force necessary to stop Plaintiff's assault and exit the cell. (DAF 10.) Except for using his baton to defend himself, Bailey did not use any force against Plaintiff on March 18, 2010. (DAF 11.)

Cotton observed Bailey and Maloney's escort of Plaintiff from the building control booth. (DAF 13.) Cotton responded to the subject incident by activating her personal alarm. (DAF 14.) Next, Cotton went to the grate in the floor that connects the control booth to the building office and called for Gregory and Luther to respond to the incident. Based upon Cotton's instruction, Gregory

---

[1] Plaintiff is now incarcerated at Atascadero State Hospital. Pl. Change Address, Doc. 49.

and Luther responded to cell 28. (DAF 15.)

      At his first opportunity, Bailey exited the cell. Plaintiff attempted to follow Bailey out of the cell. (DAF 12.) Maloney and Gregory restrained Plaintiff on the floor to prevent Plaintiff from assaulting Bailey. Maloney and Gregory held Plaintiff in a prone position as he resisted by twisting and turning. (DAF 16.) After Plaintiff was placed in a prone position on the floor, Luther held Plaintiff's legs to maintain control over him. (DAF 17.) Maloney, Gregory, and Luther were not attempting to injure Plaintiff, and they used only the amount of force necessary to restrain Plaintiff and regain control over him. (DAF 18.) Plaintiff was placed in leg restraints and escorted to a holding cell without incident. (DAF 19.)

      In Plaintiff's motion for summary judgment filed prior to Defendants' cross-motion for summary judgment, he includes a declaration and contends that, during the escort to his cell, Cotton told Defendants Bailey, Maloney, Luther, and Gregory to "kick [his] ass." (Pl. Mot. Summ. J. Pl. Decl. at 13, Doc. 43.) Plaintiff alleges that Bailey and Maloney intentionally rammed his face into the door of cell, causing him severe pain and momentary unconsciousness, knocking him to the floor. (*Id.*) Plaintiff alleges that Bailey, Maloney, Luther, and Gregory repeatedly slapped, punched, and kicked him while he was down on the ground. (*Id.*) Plaintiff alleges Bailey got on top of him to stop his twisting away from their punches. (*Id.*) Plaintiff alleges Bailey put his hands over Plaintiff's mouth to stop him from screaming as they continued to assault him, so Plaintiff bit Bailey out of self-defense. (*Id.*) Plaintiff does not contend that Bailey struck him with his baton. (*Id.*)

      Defendant Cotton did not tell Bailey, Luther, Gregory, and Maloney to "kick Plaintiff's ass" or otherwise encourage anyone to assault Plaintiff. (DAF 21.) Defendants did not threaten to assault Plaintiff. (DAF 20.) Defendants did not punch, hit, kick, or slap Plaintiff, and Defendants did not observe anyone punch, hit, kick, or slap Plaintiff. (DAF 23, 24.) Defendants did not push Plaintiff into a wall, door, or doorway, and they did not observe anyone push Plaintiff into a wall, door, or doorway. (DAF 25, 26.) Cotton did not use any force on March 18, 2010. (DAF 22.) All of the force used by Bailey, Luther, Gregory, and Maloney during the subject incident was applied solely to restrain Plaintiff and prevent him from assaulting staff. (DAF 27.) Defendants did not intend to injure Plaintiff, and they did not observe anyone attempt to injure Plaintiff on March 18, 2010. (DAF

30.) On or before March 18, 2010, Defendants did not believe, or have any reason to believe, that anyone posed a threat of harm to Plaintiff. (DAF 28, 29.)

Following the subject incident on March 18, 2010, Plaintiff was issued Rules Violation Report ("RVR") number 4A4-10-03-37 for "battery on a peace officer without a weapon resulting in a serious body injury." (Defs. Mot. Summ. J. Addl. Undisputed Facts ("DUF") 3, Doc. 44-3.) The facts of the RVR are identical to those concerning Plaintiff's excessive force claim against Defendants in this lawsuit. (DUF 4-9.) In the disciplinary proceeding, Plaintiff challenged the amount of force used by Bailey, Maloney, Cotton, Gregory, and Luther on March 18, 2010, and whether the force was applied as a good faith effort to end Plaintiff's assault and restrain him. (DUF 10.) During the hearing for the RVR, Plaintiff conceded that he bit Bailey's hand and argued that, "I'm not guilty because I was assaulted out of retaliation due to my cellie and me assaulting C/O Singh on 4B yard earlier that day." (DUF 10.)

The hearing officer resolved the factual disputes regarding the amount of forced used by Bailey, Maloney, Cotton, Gregory, Luther and Plaintiff and their grounds for using the force by determining that Bailey, Maloney, Cotton, Gregory, and Luther's testimony was more credible that Plaintiff's. (DUF 11.) Accordingly, Plaintiff was found guilty of RVR and assessed a 360-day forfeiture of behavioral credits. (DUF 3.) Plaintiff has not overturned the RVR with a writ of habeas corpus or otherwise had the 360 behavioral credits restored. (DUF 12.)

### V. Analysis

#### A. Plaintiff's Motion for Summary Judgment

Plaintiff contends that, after Cotton told Bailey and Maloney to "kick [Plaintiff's ass," Bailey and Maloney pushed Plaintiff into a cell door, and Bailey, Maloney, Luther, and Gregory slapped, hit, and kicked him for approximately two minutes. (ECF No. 43 at 9.) However, Defendants did not push, slap, punch, or kick inmate Plaintiff. (DAF 22-26.) After Plaintiff bit Bailey and repeatedly kicked him, Bailey struck Plaintiff with a baton to stop Plaintiff's assault. (DAF 7-11.) Maloney, Gregory, and Luther restrained Plaintiff to prevent him from continuing his assault against Bailey. (DAF 12-18.) Cotton did not use any force. (DAF 22.)

From Defendants' declarations, the Court cannot find that Plaintiff's version of the facts are

1 undisputed. Therefore, Plaintiff's motion for summary judgment should be denied.

## B. Defendants' Motion for Sanctions

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). However, because of their very potency, inherent powers must be exercise with restraint and discretion. *Chambers*, 501 U.S. at 44. To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Miller v. City of Los Angeles*, 661 F.3d 1024, 1036 (9th Cir. 2011); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).

Defendants state that Plaintiff originally file his motion for summary judgment, withdrew his motion, and then re-filed his motion, and this amounts to frivolousness. The Court has discretion whether to grant or deny sanctions. Defendants' motion for sanctions should be denied.

## C. Defendants' Cross-Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's excessive force claim on the ground that a finding in Plaintiff's favor would necessarily invalidate the prison disciplinary conviction against him, which resulted in the loss of time credits.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." *Wilkinson*, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

Plaintiff was found guilty of the RVR for "battery on a peace officer without a weapon

resulting in a serious body injury" and assessed a 360-day forfeiture of behavioral credits. (DUF 3.) Plaintiff has not overturned the RVR with a writ of habeas corpus or otherwise had the 360 behavioral credits restored. (DUF 12.) The facts of the RVR are identical to those concerning Plaintiff's excessive force claim against Defendants in this lawsuit. (DUF 4-9.) In the disciplinary proceeding, Plaintiff challenged the amount of force used by Bailey, Maloney, Cotton, Gregory, and Luther on March 18, 2010, and whether the force was applied as a good faith effort to end Plaintiff's assault and restrain him. (DUF 10.) Plaintiff's theory that he was not resisting; acting in self-defense; or that the officers had no reasonable justification to employ any force against him clearly undermines the guilty finding and loss of credits from the RVR disciplinary hearing. A finding that Defendants use of force was unprovoked and constituted excessive force would necessarily imply the invalidity of the disciplinary finding that Plaintiff was guilty of battery on a peace officer without a weapon resulting in a serious body injury. Accordingly, the undersigned finds that Plaintiff's excessive force claim is barred by the favorable termination rule and recommends that this action be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Given that all of Plaintiff's claims challenge and undermine the validity of his guilty finding and loss of credits from the RVR disciplinary hearing, which there is no evidence has been disturbed in any way, the favorable termination rule, *Wilkinson*, and *Heck* bars all of Plaintiff's claims.

### VI. Conclusion and Recommendation

Plaintiff has "failed to point to 'specific facts' in the record that could 'lead a rational trier of fact to find' in his favor. *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e))." *Beard*, 548 U.S. at 535.

Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, it is HEREBY RECOMMENDED that:

    **1.**    Plaintiff's motion for summary judgment is DENIED;

    **2.**    Defendants' motion for sanctions is DENIED;

    **3.**    Defendants' cross-motion for summary judgment is GRANTED;

    **4.**    This action is DISMISSED, with prejudice;

    **5.**        All pending motions are MOOT for review; and

    **6.**        The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fifteen (15) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 17, 2012

                                              UNITED STATES MAGISTRATE JUDGE